872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert CLAIRE, Jr., Defendant-Appellant.
 No. 88-5591.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 13, 1989.
Decided March 23, 1989.
 
 1
 Timothy H. Graham, Dozier, Brackett, Miller, Pollard & Murphy, on brief for appellant.
 
 
 2
 Thomas J. Ashcraft, United States Attorney, Western District of North Carolina (Louis M. Fischer, Department of Justice on brief for appellee).
 
 
 3
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge and RICHARD B. KELLAM, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM
 
 4
 Convicted of a conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, defendant appeals asserting the trial court abused its discretion by admitting evidence of a prior uncharged act pursuant to Federal Rules of Evidence 404(b). Finding no abuse of discretion, we affirm.
 
 
 5
 Defendant was charged with one Gotlieb in a conspiracy to violate the drug laws, and possession with intent to distribute cocaine. Gotlieb was arrested and confessed to his involvement. He agreed to cooperate with the United States. At trial of the defendant, Gotlieb testified to defendant's involvement and his activities. The sufficiency of the evidence is not challenged.
 
 
 6
 Gotlieb testified in detail concerning the activities of defendant in connection with a trip to Florida on or about September 10th and 11th to obtain cocaine, and the distribution of that cocaine. Over objection, he was then permitted to testify to defendant's involvement in another trip to Florida on or about September 2nd and 3rd of 1987 to purchase cocaine, and its distribution, because not charged in the indictment. The trial court permitted the testimony concerning the trip of September 2nd and 3rd as proof of motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or accident as permitted by Federal Rules of Evidence 404(b).
 
 
 7
 The admitted evidence established that during the trip on September 2nd and 3rd, defendant made contacts with suppliers and arranged for obtaining cocaine on the trip of September 10th and 11th, the one charged in the indictment. Defendant was on trial for a conspiracy to possess with intent to distribute, and a second offense of possession with intent to distribute. Defendant plead not guilty. Hence, the United States was requested to prove each of the elements of the offenses. Evidence of possession and intent to distribute was required. Proof that less than ten days earlier defendant had possessed and distributed cocaine was strong evidence that defendant possessed cocaine on September 10th and 11th with intent to distribute it; that it was not just for his own use. Further, it was evidence that he had knowledge he could obtain the cocaine and how, when and where as well as knowledge of where he could distribute it. Evidence of defendant's contacts with his suppliers, of his prior transportation and distribution, the availability of the product were all pertinent to his activities of September 10th and 11th. It was strong evidence of his motive, preparation, plan, purpose, intent, and absence of mistake.
 
 
 8
 The record shows that the trial court weighed the probative value of the testimony against any prejudice to defendant and determined that the probative value of the testimony outweighed any prejudice. The record established the trial court did not abuse its discretion.
 
 
 9
 AFFIRMED.